LEMMON, Judge,
concurs.
The positions of both plaintiff and inter-venor depend upon the effect of the February, 1977 declaratory judgment of the United States District Court, declaring R.S. 42:39 unconstitutional and enjoining its enforcement.[1]
Plaintiff contends, in effect, that defendant’s failure to resign before qualifying was a calculated risk that depended entirely upon final victory in his effort to strike R.S. 42:39 as unconstitutional and that when the declaratory judgment and injunction were stayed on November 3, 1977, allowing enforcement of the prohibitory law, defendant’s failure to resign before qualifying rendered his qualification null and void ab initio.
The very purpose of an action for a declaratory judgment is to allow a person to ascertain his legal rights without having to breach a contract or violate a civil statute. If a person timely obtains a declaration of his legal rights and takes action in reliance on such a declaration, and the declaratory judgment is subsequently reversed (or stayed), it would be manifestly unjust (at least in the absence of damage to another person) to hold that such action was at his own risk and the judicial protection from the consequences of his action was of no significance.
In the present case defendant, far in advance of the August qualifying date, sought a declaratory judgment in order to remove an impediment to his qualification by orderly legal process. When R.S. 42:39 was judicially struck with nullity, he qualified for the office, complying with all other laws then in effect. And when R.S. 42:39 again became effective on November 3, he immediately resigned in order to remove the impediment presented by the prohibitory law.
Thus, defendant has at no time violated a prohibitory law which was in effect, and the impediment of R.S. 42:39 was never applicable as an impediment to his qualification. Of equal importance, no other person was harmed by defendant’s action in qualifying without resigning, which was done in reliance on the declaratory judgment.
Defendant’s November 4 resignation constituted reasonable compliance when R.S. 42:39 again became effective. To hold that defendant’s qualification was initially null and void under the circumstances of this case would deprive him of due process and would constitute an unconstitutional application of R.S. 42:39.

. Neither the original petition nor the intervention in this suit are preempted. If defendant’s qualification for office was null because of a prohibitory law, then the suit to declare the nullity is not governed by any specific time limits of the election law. This suit, which was brought immediately after the staying of the injunction that had prevented enforcement of the prohibitory law since the date of defendant’s qualification, was therefore timely.